UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH BEARDSLEY, § | | |
|     *Plaintiff*, § | | |
| § | | |
| vs. § | | CIVIL ACTION H-09-1965 |
| § | | |
| THE BOEING COMPANY, § | | |
|     *Defendant*. § | | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion for summary judgment on limitations (Dkt. 13) and plaintiff's motion for leave to amend (Dkt. 20). The court orders that leave to amend be granted, and the motion for summary judgment be denied without prejudice as moot.

Ralph Beardsley filed suit in state court on February 25, 2009 against defendant Boeing asserting age discrimination in violation of Chapter 21 of the Texas Labor Code. In his original petition (Dkt. 1-5), Beardsley alleged that he filed suit within 60 days of receiving a notice of the right to file a civil action from the Texas Workforce Commission.[1]

---

[1] Section 21.254 of that Chapter provides:

> Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent.

However,

> Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent.

(continued...)

Beardsley filed an amended petition on April 15, 2009 (Dkt. 1-6), making the same allegations listed above and correcting the name of the registered agent for service on Boeing. Boeing was served with the amended petition on June 8, 2009. Boeing moved for summary judgment on the ground that Beardsley did not serve his lawsuit within 60 days of receiving a notice of the right to file a civil action from the Texas Workforce Commission.

The court conducted a hearing on the motion for summary judgment on September 10, 2009. Prior to that hearing, plaintiff filed a motion for leave to amend his pleading. The proposed amended complaint alleges plaintiff received a right to sue letter from the EEOC, but does not allege receipt of a right to sue from TWC.

Defendant did not file a timely response to the motion for leave to amend and thus has not shown prejudice or other good reason for denying leave to amend at this stage of the case. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The deadline for amending pleadings in this case is December 2, 2009. Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The court determines that plaintiff's motion to amend is in the interest of justice.[2]

---

[1]  (...continued)
  TEX. LABOR CODE § 21.252. In situations where the commission has not issued a notice after 180 days, a complainant may file a lawsuit within 2 years of the date the complaint was filed with the Texas Workforce Commission. *Id.* § 21.256.

[2]  The amended complaint also seeks to assert claims under Title VII and 42 U.S.C. § 1981. This ruling granting plaintiff leave to amend is without prejudice to a motion to dismiss such claims.

Because plaintiff no longer alleges receipt of a TWC right to sue letter nor asserts a TCHR cause of action, defendant's motion for summary judgment on that claim is now moot.[3] This ruling does not prejudice defendant's right to bring a subsequent motion for summary judgment based on the plaintiff's operative pleading.

Signed at Houston, Texas on October 16, 2009.

Stephen Wm Smith
United States Magistrate Judge

---

[3] The amended complaint describes the nature of plaintiff's action as follows: "This is an action under Title 42 U.S.C. Section 2000e et. seq and 42 U.S.C. § 1981 as amended by the Civil Rights act of 1991 to correct unlawful employment practices on the basis of race, color, and national origin and the Age Discrimination in Employment Act (ADEA)." Based on this and the comments of counsel at the hearing, the court construes the stray references to the Texas Labor Code contained in the pleading as mere vestiges of the superseded pleading and not as an attempt to state a claim under the Texas Labor Code.